ORIGINAL

*FILED IN CLERK'S OFFICE*
*U S D C Atlanta*

**OCT 0 3 2006**

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

WILLIAM HADLEY, and wife, )
WENDY HADLEY, )
　　　　　　　　　　　　　　　　 )
　　　Plaintiff, )
　　　　　　　　　　　　　　　　 )   Case No.: **1:06-CV-2367**
v. )
　　　　　　　　　　　　　　　　 )
COUNTYWIDE HOMELOANS )                        **-ODE**
INC., )
　　　　　　　　　　　　　　　　 )
　　　Defendant. )
　　　　　　　　　　　　　　　　 )

## VERIFIED COMPLAINT

COME NOW THE PLAINTIFFS, WILLIAM HADLEY and wife WENDY HADLEY, and bring this action against the defendant, COUNTRYWIDE HOMELOANS, INC., and would state as follows:

### PARTIES

1. The Plaintiffs, William and Wendy Hadley are residents of the State of Georgia at 254 Pine View Drive, Canton, GA. 30114.

2. The Defendant, Countrywide Homeloans, Inc. (hereinafter "Lender") is, and at all times herein mentioned was a duly charted corporation, authorized to engage in the mortgage lending business in the State of Georgia with its primary business address as follows: 270 Heritage Walk, Suite 101, Wood Stock, GA. 30188.

## VENUE

3. Venue is proper under Title 28 U.S.C. 1391 since the Plaintiffs reside in this district and the relevant facts occurred in this district.

## JURISDICTION

4. The Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331 and 1337, Title 15 U.S.C. 1640, 15 U.S.C. §1635. In addition, this Court has jurisdiction pursuant to the Declaratory Judgment Act, Title 28 U.S.C. 2201.

## FACTS OF THE CASE

5. On or about November 28, 2005 the Plaintiffs entered into a consumer credit transaction (hereinafter known as, "the transaction") with

the Lender in which the extended consumer credit was subject to a finance charge initially payable to the Defendant.

6. The mortgage loan transaction involved in this case is a loan covering real property, which was then and now, remains the permanent residence and dwelling of the Plaintiffs in which the Lender took a security interest.

7. The Plaintiffs are in good standing and are not in default on any obligation regarding this account.

8. After and before the consumer credit transaction the Plaintiffs received copies of loan documents which failed to include certain charges in the amount financed that were imposed by the Lender as a requirement to the extension of credit. These required disclosures where not given in a clear and conspicuous manner, in that the documents failed to contain two copies of a "Right To Rescind" and also failed to state proper beginning and expiration dates. In addition, the amount financed was understated.

9. The Lender failed to provide the Plaintiffs with a required 3 day right to rescind notice and also misrepresented the date of closing as November 25, 2005, when in fact the loan documents were signed on November 28, 2005.

10. Upon discovering these disclosure violations, the Plaintiffs timely elected to rescind the transaction.

11. On or around February 24, 2006, the Plaintiffs sent their rescission letter that was received by the Lender and Assignee on February 28, 2006. See Plaintiffs' rescission letter, a true and correct copy of which is incorporated herein and attached hereto as Exhibit A.

12. The Plaintiffs attempted to rescind the transaction with the Lender and offer to tender all that would be owed to them. See (Exhibit A)

13. Despite the Plaintiffs' request for rescission, the Lender declined and refused to extinguish its security interest or to return money paid by the Plaintiffs as required by 12 C.F.R. 226.23 (d) (2).

14.    The Plaintiffs continue to retain and use the property, and the Lender has failed to claim either the property or money as defined in 12 C.F.R. 226.23 d (3).

## FIRST CAUSE OF ACTION TILA VIOLATION, DECLARTORY JUDGMENT ON RESCISSION

15. This consumer transaction was subject to the Plaintiffs' right of rescission as described by 15 U.S.C. 1635 and Regulation Z 226.23 ( 12 C.F.R. 226.23)

4

16. In the course of this consumer transaction the Lender violated the Truth and Lending Act by failing to clearly and conspicuously disclose the dates on which the rescission period began and expired.

17. In the course of this consumer credit transaction Defendant failed to deliver all "material " disclosures required by the Truth and Lending Act and Regulation Z, including the following but not limited to:

    a) The documents failed to contain two notices of the Plaintiffs' right to rescind;

    b) The notices failed to state a proper beginning and expiration dates, and the amount finance was understated by more the $249.18;

18. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving both the proper right to cancel notice and all material disclosures, up to three years after the consummation of the transaction.

19. The Lender received copy of the Plaintiffs request to rescind on or around February 28th, 2006. See (Exhibit A)

20. The Lender failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction pursuant to 15 USC 1635 (b) and Regulation Z 226.23 (d) (2)

## SECOND CAUSE OF ACTION

## GEORGIA FAIR BUSINESS PRACTICE ACT

21. The Lender is subject to O.C.G.A.§ 10-1-372 (12) commonly known as the Fair Business Practice Act.

22. In the course of this consumer transaction the Lender violated O.C.G.A. § 10-1-372 (12) by failing to properly inform the Plaintiffs of the time in which rescission began and expired.

23. The Lender's conduct served to deprive the Plaintiffs of the opportunity to rescind the transaction or to fully understand the ramifications of their Waiver of Borrower's Rights form.

24. As a result of the aforesaid violations of Georgia Fair Business Practice Act, Lender is liable to Plaintiffs for compensatory damages suffered by them, as well as any statutory penalties.

## PRAYER OF RELEIF

Wherefore, Plaintiffs respectfully request:

1. That they be allowed to file this action and that process issue to the Defendant requiring it to respond within the time required by law;

2. That the Defendant's security interest in the Plaintiff's home be declared null and void;

3. That Plaintiffs be granted rescission of this consumer transaction;

4. That during the pendency of this action the Defendant be preliminarily enjoined from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, or from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of their full ownership rights with respect to their property;

5. That the Court issue a declaratory judgment finding that because the Lender failed to respond to the Plaintiffs' rescission request, that Plaintiffs have no further duty to tender rescission, or in the alternative, if tender is required, the Court determine the amount of the tender obligation in light of all the Plaintiffs' claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

6. An award the Plaintiffs' cost and a reasonable attorney fee;

7. Award actually damages for all of Plaintiff's claims that are determined at trial;

8. An award of statutory exemplary damages for violations of O.C.G.A. § 10-1-393;

9. An award of statutory damages of not less the 200 dollars and no more the $2,000 for each violation of the Truth In Lending Act;

10. Award such other and further relief as the Court deems just and proper.

## VERIFICATION

We, the undersigned, certify and declare that we are parties to this action. We have read the foregoing complaint and know of its contents. The matters stated in the complaint described above are true of our knowledge except to those matters stated on information and belief and as to those matters we believe them to be true.

Executed on this 30 day of SEPTEMBER, 2006 at CHEROKEE, Georgia.

_William Hadley_
William Hadley

_Wendy Hadley_
Wendy Hadley

STATE OF GEORGIA    )
COUNTY OF _____   )

Sworn to and subscribed before me this 30th day of ~~August~~, 2006.
September

_Vanessa Quan_
Notary Public
My commission expires: MARCH 26, 2010

8

Respectfully submitted,

CHARLES MEDLIN, ESQ.
Bovis, Kyle & Burch, L.L.C.
3rd Floor
53 Perimeter Center East
Atlanta GA 30346-2298
(678) 338-3931

LARRY L. CRAIN, ESQ.
Tenn. Sup.Crt. No. 9040
LAW OFFICES OF BRENTWOOD
5214 Maryland Way
Suite 402
Brentwood, TN. 37027
(615) 376-2600

William & Wendy Hadley
254 Pineview Drive
Canton, GA 30114

CERTIFIED MAIL # 7005 1160 0003 6618 1476

February 24, 2006

To
Countrywide Home Loans Inc.
Countrywide Bank, N A.
270 Heritage Walk, suite 101
Woodstock, GA 30188

Re  Notice of Rescission of Loan #121904765 dated 11/25/05.

Dear Sir/Madam:

On or about November 25th, 2005, we entered into a consumer credit transaction with Countrywide Home Loans Inc  In the transaction, Countrywide Home Loans Inc. took a security interest in our principle residence  The loan was a refinance of a prior loan.

Pursuant to the Federal Truth in Lending Act, We have the right to rescind the transaction within 3 days of receipt of our notice of our right of rescission and all other material disclosures required by TILA and the regulations there under, 15 U S C §1635(a) which ever occurs later. Which information on the Truth in lending was improperly provided by Countrywide Home Loans Inc.

By this letter, we rescind the transaction

By way of further explanation, material disclosures were omitted or made erroneously in the course of the transaction. These include, but are not limited to

(1) We did not receive accurate information on the Truth in Lending disclosure, i e the amount financed was incorrect and understated by more than $100 00.

(2) We did not receive two each of the right to cancel the loan.

As a consequence of this rescission, Lender is required to do the following within 20 days of receipt of this letter: (1) desist from making any claims for finance charges in this transaction, (2) return all money paid in the transaction, (3) satisfy all security interests, including mortgages, which were acquired in the transaction

1

Exhibit A

Upon Lender's performance, I will tender in like kind all sums to which Lender is entitled

Any failure on Lender's part to take the actions described above in a timely fashion may result in monetary liability under TILA.

Please correspond in writing only

Sincerely Yours,

*[signature]*
William Hadley

*[signature]*
Wendy Hadley

1